# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID KOLSRUD,<br><br>    Defendant. | No. CR 04-0109<br><br>**REPORT AND RECOMMENDATION** |

This matter comes before the court pursuant to the defendant's April 1, 2005 motion to dismiss forfeiture allegation and to return property (docket number 56) and the government's May 2, 2005 application for post-indictment restraining order (docket number 70). This matter was referred to the undersigned United States Magistrate Judge for the issuance of a report and recommendation. For the reasons set forth below, it is recommended that the defendant's motion to dismiss be granted in part and denied in part and the government's application for post-indictment restraining order be granted.

The defendant, David Kolsrud, was charged in a two-count indictment on December 8, 2004 (docket number 1). Count 1 of the indictment charges that the defendant and others "unlawfully, wilfully and knowingly did conduct, finance, manage, supervise, direct and own all of part of an illegal gambling business" in violation of Iowa Criminal Code Section 725.7 and Title 18 U.S.C. §§ 1955 & 2. Count 2 of the indictment charges that "[o]n or about May 24, 2000 . . . the defendant did knowingly engage and attempt to engage in a monetary transaction . . . that is withdrawal and transfer of U.S. currency and funds in the amount of $27,694.53, such property having been derived from . . . operation of a gambling business in violation of 18 U.S.C. § 1955," in violation of Title 18 U.S.C. § 1957. Count 2 of the indictment includes a forfeiture allegation, which alleges that for

1

his engagement in the violation alleged in Count 1 of the indictment, the defendant "shall forfeit to the United States of America, pursuant to Title 18 [U.S.C. § 981(a)(1)(C)] and Title 28 [U.S.C. § 2461(c)], all of his right title and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the said violations" alleged in Count 1 of the indictment. The list of items for which the government seeks forfeiture include, (1) 1999 Jeep Grand Cherokee Limited; (2) approximately $36,998.41 in U.S. currency; (3) approximately $4972.26 in U.S. currency; (4) approximately $4,664.26 in U.S. currency; (5) approximately $11,000.00 in U.S. currency; (6) approximately $2,876.00 in U.S. currency; (7) approximately $5,992.00 in U.S. currency; and (8) approximately $4,966.00 in U.S. currency. On May 16, 2005 the defendant pleaded guilty to both counts. His plea agreement reserves the right to litigate the forfeiture issues.

The defendant moves to dismiss the forfeiture allegation and for the return of all property seized from him. The defendant contends that dismissal of the forfeiture allegation is appropriate because the government, in attempting to forfeit the property listed above, failed to adhere to the requirements of the Civil Asset Forfeiture Reform Act of 2000 (CAFRA). Specifically, the defendant argues that once he filed timely claim forms in response to the eight notices of forfeiture, the United States Attorney was obligated, pursuant to 18 U.S.C. § 983(a)(3)(A), to file a civil forfeiture complaint within 90 days or obtain a criminal indictment containing an allegation that the property is subject to forfeiture and further take steps necessary to preserve the government's right to maintain custody of the property as provided in the applicable criminal forfeiture statute. The defendant contends that because the government neither filed a civil forfeiture complaint within 90 days of the receipt of the defendant's claim forms, nor took any steps necessary to preserve its right to maintain custody of the defendant's property, the government must

promptly release the property and "may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense."[1]

The defendant further contends that dismissal of the forfeiture allegation is appropriate pursuant to Fed. R. Crim. P. 41(g), which provides in relevant part:

> [a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. . . . If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The defendant contends that the seizure of his property was unlawful because the government did not file a complaint within 90 days of the FBI's acknowledgment that it had received the defendant's claim forms, the government never requested an extension of time in which to file such a complaint, and "the government did not obtain an indictment during the 90-day period alleging that the property was subject to forfeiture."

The government does not object to the return of those assets obtained pursuant to civil seizure warrants, but requests that such assets be returned to the defendant under protective order. These assets include the defendant's 1999 Jeep Grand Cherokee Limited, $36,998.41 in U.S. currency, $4,972.26 in U.S. currency, and $4,664.26 in U.S. currency. The government moves that these assets be returned protective order "to ensure that assets [that the government contends are] subject to criminal forfeiture will be available at the conclusion of the matter." In support of its contention that a protective order is necessary, the government cites to 21 U.S.C. § 853(e), which states in relevant part:

> Upon application of the United States, the court may enter a restraining order or injunction . . . or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section--(A) upon the

---

[1] The defendant cites to 18 U.S.C. § 983(a)(3)(B).

> filing of an indictment or information charging a violation of this subchapter . . . for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section . . .

The government argues that pre-trial restraint of these assets pursuant to 21 U.S.C. § 853(e) is appropriate because (1) the grand jury's return of the forfeiture allegation in the indictment is sufficient to establish the probable cause to believe that the assets will ultimately be proven forfeitable, a finding necessary for the court to issue the restraining order; and (2) a restraining order is necessary to "preserve the status quo of the subject property to prevent its alienation or dissipation."

In regard to the remainder of the assets, specifically the $11,000.00 in U.S. currency, the $2,876.00 in U.S. currency, the $5,992.00 in U.S. currency, and the $4,966.00 in U.S. currency, the government argues that the defendant is not entitled to possession of these assets. Specifically, the government argues that the defendant misunderstands the effect that the government's failure to file a civil complaint or seek a criminal indictment within 90 days has on the government's ability to seek a criminal forfeiture of the assets. The government argues that while its failure to file a civil complaint or seek a criminal indictment within 90 days prohibits it from taking any further action to effect the civil forfeiture of such property, such prohibition has no effect on the government's ability to pursue criminal forfeiture of the assets.[2]

---

[2] The government cites to 18 U.S.C. § 983(a)(3)(C), which provides in relevant part:

> In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute.

(continued…)

The government further argues that the defendant is not entitled to dismissal of the forfeiture allegation and return of these assets because the assets were seized pursuant to a valid search warrant or by consent, and the defendant has failed to establish that he is a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property" under Fed. R. Crim. P. 41(g). Specifically, the government argues that the $11,000.00 in U.S. currency was seized from the defendant's home pursuant to a valid consent search, the validity of which the defendant has not challenged, the $2,876.00 in U.S. currency was seized from an unindicted accomplice's home pursuant to a valid search warrant the validity of which the defendant has not challenged, the $5,992.00 in U.S. currency was seized pursuant to valid search warrants for the defendant's person and the tavern that the defendant was located in at the time he was searched and the defendant has not challenged the validity of those warrants, and the $4,996.00 in U.S. currency was seized from an unindicted accomplice's business pursuant to a valid search warrant the validity of which the defendant has not challenged. The government further argues that it is entitled to retain possession of these assets to further its need for the property as evidence continues in this matter.

As concerns those assets for which the government makes no objection to returning to the defendant, specifically the 1999 Jeep Grand Cherokee Limited, the $36,998.41 in U.S. currency, the $4,972.26 in U.S. currency, and the $4,664.26 in U.S. currency, the court recommends that the government's application for a post-indictment restraining order be granted. Because the grand jury's decision to return the forfeiture allegation within the indictment was based on the standard of probable cause, the court finds that there is probable cause to believe that these assets will ultimately be proven forfeitable.[3] "[A]ssets

---

[2](…continued)

[3] See Aronson v. City of Akron, 116 F.3d 804, 809-10 (6th Cir. 1997); In re.
(continued…)

in a defendant's possession may be restrained [pre-trial] . . . based on a finding of probable cause to believe that the assets are forfeitable." U.S. v. Monsanto, 491 U.S. 600, 615 (1989). "Permitting a defendant to use assets for his private purposes that . . . will become the property of the United States if a conviction occurs, cannot be sanctioned." United States v. Unit No. 7 and Unit No. 8 of Shop in Grove Condominium, 890 F.2d 82, 84 (8th Cir. 1989) (citing Monsanto, supra, at 612-13). The sole purpose of a restraining order issued pursuant to 21 U.S.C. § 853 is to preserve the status quo. Id. (citing Monsanto, supra, at 612).

In regard to the remaining assets, specifically the $11,000.00 in U.S. currency, the $2,876.00 in U.S. currency, the $5,992.00 in U.S. currency, and the $4,996.00 in U.S. currency, the court finds that the defendant is not entitled to possession of those assets as he has failed to demonstrate that those assets were seized unlawfully. The government seeks forfeiture of these remaining assets by way of criminal forfeiture. While the government's failure to file a civil complaint or seek a criminal indictment within 90 days of receiving the defendant's claim forms precludes the government, pursuant to 18 U.S.C. § 983(a)(3)(B), from seeking civil forfeiture of those assets, the defendant has not demonstrated that such a failure likewise precludes the government from continuing to seek criminal forfeiture of those assets. Accordingly, it is recommended that as to these remaining assets, the defendant's motion to dismiss and for return of the assets be denied.

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[4] to the Report and Recommendation within ten (10) days of the date of the report and recommendation, that (1) the defendant's motion to dismiss and for return of

---

[3](…continued)
Billman, 915 F.2d 916, 919 (4th Cir. 1990).

[4]Any party who objects to this report and recommendation must serve and file specific, written objections within ten (10) court days from this date. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.

6

property be granted in part and denied in part; and (2) the government's application for post-indictment restraining order be granted. The following assets shall be returned to the defendant under protective order immediately restraining, prohibiting, and enjoining the defendant and his agents, servants, employees, attorneys, family members and those persons, financial institutions, or entities who may have any interest or control over the subject property from attempting or completing any action that would affect the availability, marketability or value of the subject property, including but not limited to selling, assigning, pledging, distributing, encumbering, wasting, secreting or otherwise disposing of, or removing from the jurisdiction of this court, all or any part of their interest, direct or indirect, in the subject property: (1) 1999 Jeep Grand Cherokee Limited; (2) $36,998.41 in U.S. currency; (3) $4,972.26 in U.S. currency; and (4) $4,664.26 in U.S. currency.

May 19, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT