IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | No. CR 04-0109-LRR |
| vs. | ‖ | |
| DAVID KOLSRUD, | ‖ | **ORDER** |
| Defendant. | ‖ | |

The matters before the court are Defendant David Kolsrud's Motion to Dismiss Forfeiture Allegation and to Return Property (docket no. 56) and Application for Court Approval to Enter Conditional Guilty Pleas (docket no. 94), the government's Application for Post-Indictment Restraining Order (docket no. 70), and the Report and Recommendation (docket no. 110) recommending that the court deny Defendant's Motion and grant the government's Application.

## *I. PROCEDURAL BACKGROUND*

On December 8, 2004, a federal grand jury returned a two-count Indictment against Defendant and six codefendants. Defendant was charged in Counts 1 and 2 and was subject to a forfeiture allegation. Count 1 charges beginning on a date unknown, but at least as early as April 16, 2001, and continuously thereafter up to and including at least September 21, 2002, in the Northern District of Iowa and elsewhere, Defendant and six charged codefendants and others known and unknown to the Grand Jury unlawfully, willfully and knowingly did conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business in violation of 18 U.S.C. §§ 1955 and 2. Count 2

charges on or about May 24, 2000, Defendant did knowingly engage and attempt to engage in a monetary transaction by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, in violation of 18 U.S.C. § 1957. The Indictment further alleged forfeiture against Defendant for the violation alleged in Count 1, pursuant to 18 U.S.C. § 981(a)(1)(C) and 1955(d), and 28 U.S.C. § 2461(c).

On April 1, 2005, Defendant filed a Motion to Dismiss Forfeiture Allegation and to Return Property ("Motion") (docket no. 56). On May 2, 2005, the government filed its Partial Resistance to Motion to Dismiss Forfeiture Allegation and to Return Property (docket no. 69) and its Application for Post-Indictment Restraining Order ("Application") (docket no. 70). On May 5, 2005, Chief Magistrate Judge John A. Jarvey held a telephone hearing on the Application. Defendant was represented at the hearing by counsel John Lane. Assistant United States Attorneys Martin McLaughlin and Sean Berry represented the government.

On May 16, 2005, Defendant filed an Application for Court Approval to Enter Conditional Guilty Pleas (docket no. 94), and entered pleas of guilty to Counts 1 and 2 of the Indictment. On May 17, 2005, the court accepted Defendant's pleas of guilty to Counts 1 and 2 of the Indictment.

On May 19, 2005, Chief Magistrate Judge Jarvey filed a Report and Recommendation (docket no. 110) in which he recommends the court deny in part and grant in part Defendant's Motion and grant the government's Application. No objections to the Report and Recommendation were filed. The court therefore finds these matters fully submitted and ready for decision.

## II. ANALYSIS

The district court judge is required to make a *de novo* determination of those

charges on or about May 24, 2000, Defendant did knowingly engage and attempt to engage in a monetary transaction by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, in violation of 18 U.S.C. § 1957. The Indictment further alleged forfeiture against Defendant for the violation alleged in Count 1, pursuant to 18 U.S.C. § 981(a)(1)(C) and 1955(d), and 28 U.S.C. § 2461(c).

On April 1, 2005, Defendant filed a Motion to Dismiss Forfeiture Allegation and to Return Property ("Motion") (docket no. 56). On May 2, 2005, the government filed its Partial Resistance to Motion to Dismiss Forfeiture Allegation and to Return Property (docket no. 69) and its Application for Post-Indictment Restraining Order ("Application") (docket no. 70). On May 5, 2005, Chief Magistrate Judge John A. Jarvey held a telephone hearing on the Application. Defendant was represented at the hearing by counsel John Lane. Assistant United States Attorneys Martin McLaughlin and Sean Berry represented the government.

On May 16, 2005, Defendant filed an Application for Court Approval to Enter Conditional Guilty Pleas (docket no. 94), and entered pleas of guilty to Counts 1 and 2 of the Indictment. On May 17, 2005, the court accepted Defendant's pleas of guilty to Counts 1 and 2 of the Indictment.

On May 19, 2005, Chief Magistrate Judge Jarvey filed a Report and Recommendation (docket no. 110) in which he recommends the court deny in part and grant in part Defendant's Motion and grant the government's Application. No objections to the Report and Recommendation were filed. The court therefore finds these matters fully submitted and ready for decision.

## II. ANALYSIS

The district court judge is required to make a *de novo* determination of those

portions of the report or recommendation to which the movant objects. 28 U.S.C. § 636(b)(1)*; see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988).

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). In this case, neither party has filed an objection to the Report and Recommendation. The court therefore adopts Chief Magistrate Judge Jarvey's May 19, 2005 Report and Recommendation in its entirety.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

(1) The court **DENIES in part and GRANTS in part** Defendant David Kolsrud's Motion to Dismiss Forfeiture Allegation and to Return Property (docket no. 56).

(2) The court **GRANTS** the government's Application for Post-Indictment Restraining Order (docket no. 70).

(3) The court **ADOPTS** Chief Magistrate Judge Jarvey's Report and

Recommendation of May 19, 2005 (docket no. 110).

(4) The court orders the Clerk of Court to show Defendant David Kolsrud's Application for Court Approval to Enter Conditional Guilty Pleas (docket no. 94) as satisfied.

**DATED** this 21st day of June, 2005.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA